UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

WENDELL LOCKE,

       Plaintiff,

v.

ELIZABETH M. WARREN, as Clerk of
Courts for the United States District
Court for the Middle District of Florida,

       Defendant.
_____/

## COMPLAINT

Plaintiff, WENDELL LOCKE ("Locke"), files suit against Defendant, ELIZABETH M. WARREN, as Clerk of Courts for the United States District Court for the Middle District of Florida (the "Clerk's Office"), and states:

1. This is an action to enforce the common law right of access to judicial records and documents.[1]

2. This Court has jurisdiction, as district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2]

---

[1] *See Comm's, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 2019 U.S. App. LEXIS 7840, at *7 (11th Cir. March 18, 2019)("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

[2] *See* U.S.C. § 1331; *see also Smith v. United States District Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000)("[T]here is a federal common law right to access to federal judicial

3. The Southern District of Florida is the proper venue, as "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which . . . (C) the plaintiff resides if no real property is involved in the action."[3] Locke resides in Broward County, Florida, which is in the Southern District of Florida.

## RELEVANT FACTS

4. At the time Locke filed his appearance in the case of *J. Pearl Bussey-Morice v. Patrick Kennedy et al.*, Case No. 6:11-CV-970-ORL-36-GJK, which was a civil rights case pending in the United States District Court for the Middle District of Florida (the "Bussey-Morice Civil Rights Case"), District Judge Charlene Edwards Honeywell ("Judge Honeywell") was presiding over the case.

5. Final Judgment was entered on January 8, 2015. After Final Judgment was entered in the case – that is, on January 21, 2015, the Clerk's Office unilaterally reassigned the case from Judge Honeywell to District Judge Carlos E. Mendoza ("Judge Mendoza") to preside over the case in direct violation of Local Rule 1.03, which expressly provides that "[n]either the Clerk nor any member of his staff shall have any power or discretion in determining the judge to whom any case is assigned" and that "[t]he judge to whom any case is assigned may, at any time,

---

records which can be enforced by means of an ordinary suit under 28 U.S.C. *sec.* 1331 . . . .")."
[3] *See* 28 U.S.C. § 1391(e)(1).

reassign the case to any other consenting judge for any limited purpose or for all further purposes." See M.D. FLA. L.R. 1.03(b), (d).[4]

6. Locke called the Clerk's Office to inquire about how the case had been reassigned when Judge Honeywell had *not* entered an Order directing the Clerk to reassign the case.  Ms. Susana from the Clerk's Office told Locke that an operations manager actually made the case transfer from Judge Honeywell to Judge Mendoza.

7. Within minutes of completing that call with Ms. Susana, Locke received a call from Ms. Darleen, Judge Mendoza's clerk, offering to answer the undersigned's questions concerning the reassignment.  Ms. Darleen told Locke that there was a Standing Order concerning the reassignment of cases from Judge Honeywell to Judge Mendoza, but retracted that explanation when Locke requested a copy of that Standing Order.

---

[4] A district judge reassigning a pending case via court order from themselves to a second consenting district judge is a normal occurrence in the Middle District and is consistent with 28 U.S.C. § 137 and Local Rule 1.03.  *See e.g. Premier Inpatient Partners, LLC v. Aetna Health & Life Ins. Co.*, 2018 U.S. Dist. LEXIS 126503, at *1-2 (M.D. Fla. July 30, 2018)(reassigned from Judge Hernandez Covington to Judge Mary Scrivens); *see also Rockferry v. Evergreen Media Holdings, LLC*, 2017 U.S. Dist. LEXIS 220377, at *3-4 (M.D. Fla. December 13, 2017)(reassigned from Judge Steele to visiting Judge Paul A. Magnuson); *see also Bait Production Pty Ltd. v. Doe*, 2013 U.S. Dist. LEXIS 298337, at *1 (M.D. Fla. January 25, 2013)(reassigned from Judge Hernandez Covington to "their original District Judge and Magistrate Judge"). *see also United States ex rel. Kaimowitz v. Ansley*, 2006 WL 485109, at *6 (M.D. Fla. February 23, 2006)(reassigned from Judge Moore to one of the Jacksonville judges, either active or senior, for further proceedings); *See United States v. Sotolongo*, 6:13-cr-99-Orl-18KRS, DE 35; *see also Anderson v. Techtronics Indust. North America, Inc.*, 6:13-cv-1571-Orl-40TBS, DE 64, 67 (reassigned from Judge Mendoza); *see also Carson v. Heli-Tech, Inc.*, 2003 U.S. Dist. LEXIS 25944, at *1-2 (M.D. Fla. September 25, 2003)(reassigned from Judge Steele to Judge Corrigan).  Judge Mendoza has even followed the normal practice of reassigning cases in the Middle District consistent with 28 U.S.C. § 137 and Local Rule 1.03.  *See Dimattina v. Westgate Resorts, Ltd.*, 2017 U.S. Dist. LEXIS 54136, at *1 (M.D. Fla. April 10, 2017).

8. Ms. Darleen then told Locke that the case was reassigned from Judge Honeywell to Judge Mendoza based on an e-mail from then-Chief Judge Anny Conway concerning a new policy. Locke requested a copy of that e-mail, and was advised that it would not be produced.

9. On April 4, 2018, Locke sent a written request for access to judicial records to the Clerk's Office requesting the following:

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2014;

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2015;

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

   ➢ Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

   ➢ Any and all e-mails, correspondence and records concerning the case reassignment of case number 6:11-cv-970-Orl-41GJK to Judge Carlos E. Mendoza; and

> Any and all e-mail, correspondence, assignments and records from Judge Charlene Edwards Honeywell to Judge Carlos E. Mendoza concerning case number 6:11-cv-970-Orl-41GJK.

See Exhibit 1.

10. The Clerk's Office failed to respond to Locke's April 4, 2018, written request for access to judicial records.

11. Instead, the Clerk's Office knowingly and intentionally mischaracterized Locke's April 4, 2018, written request for access to judicial records as a motion to disqualify.

12. Unbeknownst to the plaintiff and her counsel, including Locke, on April 18, 2019, the Clerk's Office electronically filed Locke's April 4, 2018, written request for access to judicial records as a motion to disqualify Judge Mendoza in the Bussey-Morice Civil Rights Case.  See Exhibit 2.

|  |  | Rockledge, Florida. (Bonner, Robert) (Entered: 02/23/2018) |
|---|---|---|
| 04/18/2018 | 632 | MOTION to Disqualify by J. Pearl Bussey–Morice. (GJS) (Entered: 04/18/2018) |
| 08/16/2018 | 633 | (Re-filed at 638 with signature) NOTICE by J. Pearl Bussey–Morice re 617 MOTION |

13. This mischaracterization of Locke's April 4, 2018, written request for access to judicial records directed to the Clerk's Office as a motion to disqualify and subsequent electronic filing by the Clerk's Office in the Bussey-Morice Civil Rights Case is tantamount to the commission of wire fraud by the Clerk's Office in violation of 18 U.S.C. § 1343.

14. Judge Mendoza further perpetuated the Clerk's Office's knowing and intentional mischaracterization of Locke's April 4, 2018, written request for access to judicial records by making a ruling as if a motion had actually been filed in the Bussey-Morice Civil Rights Case.

15. Specifically, Judge Mendoza entered an Order mischaracterizing Locke's April 4, 2018, written request for access to judicial records as a motion to disqualify and in

that Order, Judge Mendoza denied disqualification even though Locke never moved for disqualification; Judge Mendoza further completely ignored Locke's request for access to judicial records.

## I.

## LOCKE'S CLAIM FOR COMMON LAW RIGHT OF <u>ACCESS TO JUDICIAL RECORDS AND DOCUMENTS</u>

16. Locke re-alleges and incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

17. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."[5]

18. "The right of access to judicial records is beyond dispute."[6]

19. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."[7]

20. "The media and public presumptively have a right to access judicial records."[8]

---

[5] *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 2019 U.S. App. LEXIS 7840, at *7 (11th Cir. March 18, 2019).

[6] *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 487 (3d Cir. 1995); *see also Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)("The common law right of public access to judicial documents is said to predate the Constitution."); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 587-88 (1978)("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, . . . American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, . . . and in a newspaper publisher's intention to publish information concerning the operation of government.").

[7] *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

[8] *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

21. "The common law right of access to judicial records 'establish[es] a general presumption that criminal and civil actions should be conducted publicly' and 'includes the right to inspect and copy public records and documents.' It is 'an essential component of our system of justice' and 'is instrumental in securing the integrity of the process.'"[9]

22. "[M]aterials submitted by litigants—whether or not they are formally filed with the district court—that are 'integral to the judicial resolution of the merits' in any action taken by that court are subject to the common law right of access and the necessary balancing of interests that the right entails."[10]

23. The Eleventh Circuit has never held that "filing is *required* in order to turn a document into a judicial record—especially when that document may help a court to resolve the merits of an action."[11]

24. Locke does not need access to the judicial records for an illegitimate purpose as to promote public scandal or gain unfair commercial advance.

25. Right of Access to judicial records is likely to promote public understanding of the reassignment of the case in a manner inconsistent with Local Rule 1.03 which, in turn, would have a direct impact in assessing whether Judge Mendoza had exclusive jurisdiction over the Bussey-Morice Civil Rights Case.

---

[9] *See FTC v. AbbVie Prods., LLC*, 713 F.3D 54, 62 (11th Cir. 2013)(*quoting Chicago Tribune*, 263 F.3d at 1311).
[10] *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 2019 U.S. App. LEXIS 7840, at *10 (11th Cir. March 18, 2019)(*quoting AbbVie Prods.,* 713 F.3d at 64).
[11] *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 2019 U.S. App. LEXIS 7840, at *10-11 (11th Cir. March 18, 2019).

WHEREFORE, Locke respectfully requests that this Court enter judgment in his favor and against the Clerk's Office, permitting Locke to gain access to the following judicial records and documents sought by Locke's April 4, 2018, written request to access judicial records:

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2014;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2015;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

- Any and all e-mails, correspondence and records concerning the case reassignment of case number 6:11-cv-970-Orl-41GJK to Judge Carlos E. Mendoza; and

- Any and all e-mail, correspondence, assignments and records from Judge Charlene Edwards Honeywell to Judge Carlos E. Mendoza concerning case number 6:11-cv-970-Orl-41GJK.

## II.

## **DECLARATORY RELIEF CLAIM**

26. Locke re-alleges and incorporates by reference paragraphs 1 through 15 above as if fully set forth herein.

27. Pursuant to 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

28. Pursuant to 28 U.S.C. § 2202, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

29. An actual controversy exists between the parties, as Locke has requested access to judicial records and documents, and the Clerk's Office has refused to respond to said request.

30. An actual controversy further exists between the parties, as on April 4, 2018, Locke sent a written request for access to judicial records to the Clerk's Office, and the Clerk's Office mischaracterized Locke's April 4, 2018, written request for access to judicial records directed to the Clerk's Office as a motion to disqualify Judge Mendoza and subsequently filed it in the Bussey-Morice Civil Rights Case.

WHEREFORE, Locke requests that this Court enter Final Judgment:

(1) declaring that Locke has a right to access the following judicial records and documents sought in Locke's April 4, 2018, written request:

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2014;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes of then Chief Judge Anne C. Conway in 2015;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Charlene Edwards Honeywell;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2014 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

- Any and all e-mails, correspondence and records from the Clerk regarding any policy changes by then Chief Judge Anne C. Conway in 2015 concerning assignment and/or reassignment of cases to or from Judge Carlos E. Mendoza;

- Any and all e-mails, correspondence and records concerning the case reassignment of case number 6:11-cv-970-Orl-41GJK to Judge Carlos E. Mendoza; and

- Any and all e-mail, correspondence, assignments and records from Judge Charlene Edwards Honeywell to Judge Carlos E. Mendoza concerning case number 6:11-cv-970-Orl-41GJK; and

(2) declaring that the Clerk's Office's April 18, 2018, filing of Locke's April 4, 2018, written request for access to judicial records and documents was <u>not</u> a motion to disqualify Judge Mendoza and should not have been filed by the Clerk's Office; and

(3) entering any and all additional Orders necessary to compel the Clerk's Office's compliance with this Court's declaration that Locke is entitled to the requested judicial records and documents.

Dated: April 25, 2019.

/s *Wendell Locke*
_____
Wendell T. Locke, For the Firm
Florida Bar No. 119260
wendell@lockefirm.com

**LOCKE LAW, P.A.**
8201 Peters Road
Suite 1000
Plantation, Florida 33324
954.382.8858 telephone
954.827.0998 facsimile
www.lockefirm.com
ATTORNEYS FOR LOCKE