UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61056-CIV-ALTMAN

**WENDELL LOCKE**,

    *Plaintiff*,

v.

**ELIZABETH WARREN,**
**as Clerk of Courts.**

    *Defendant*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Amended Motion for Reconsideration (the "Second MFR") [ECF No. 34] and the Defendant's Motion for Clarification [ECF No. 38]. No response to either motion was filed.

## THE FACTS

On April 25, 2019, the Plaintiff, Wendell Locke (an attorney representing himself), filed this lawsuit, in which he sought access to the private email correspondences of several sitting federal judges. *See* Complaint [ECF No. 1]. On October 1, 2019, this Court dismissed the Complaint for lack of subject-matter jurisdiction after finding that the private emails of federal judges were not judicial records subject to the common-law right of access. *See generally* First Order Dismissing Case [ECF No. 17].

On October 10, 2019, the Plaintiff filed a Motion for Reconsideration (the "First MFR") [ECF No. 23]. Although he identified no Rule of Civil Procedure, he did cite Judge Bloom's decision in *Moore v. M/V Sunny USA*, 2019 WL 1227968, at *2 (S.D. Fla. Mar. 14, 2019)—which,

in turn, relied on *Hood v. Perdue,* 300 F. App'x 699, 700 (11th Cir. 2008), a case that analyzed a motion for reconsideration under Federal Rule of Civil Procedure 59.

The First MFR attacked the substance of the Court's disposition and, notably, was filed within the time limits outlined in Rule 59. Taking these factors together, the Court construed the First MFR as a Rule 59(e) motion to alter or amend the judgment.[1] *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) ("The lower courts have almost without exception treated [motions for reconsideration] as Rule 59 motions, *regardless* of their label." (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 68 (1982) (per curiam) (Marshall, J., dissenting))); *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (motions that raise "a substantive issue going to the heart of the judgment [and were] filed within ten days thereof" should be construed as Rule 59 motions).

As a Rule 59(e) Motion, the First MFR suspended the judgment's finality and tolled the time for appeal. *See Stallworth v. Shuler*, 758 F.2d 1409, 1410 (11th Cir. 1985) ("A timely motion under Fed. R. Civ. P. 59(e) to alter or amend a judgment suspends the finality of the judgment for purposes of appeal and tolls the time for taking appeal." (citing *Hammond v. Public Fin. Corp.*, 568 F.2d 1362, 1363 (5th Cir. 1978))).

In the First MFR, the Plaintiff requested a hearing on the propriety of taking judicial notice, criticized the Court for discussing factual challenges to its subject-matter jurisdiction, and chastised the Court for referring to "the Court" rather than "the Clerk's Office." *See generally* First MFR. The First MFR also asked the Court to re-analyze the Defendant's motion to dismiss on

---

[1] If the First MFR is a Rule 59 motion, then it must also be a motion under Rule 59(e) since the remaining provisions of Fed. R. Civ. P. 59 deal with motions for new trial.

substantive grounds. *See id.* at 6–9. Notably, the Plaintiff did not ask the Court to change the nature of the dismissal from one *with* prejudice to one *without* prejudice. *See generally id.*

In reviewing its First Order Dismissing Case, the Court found an error there. Specifically, after concluding that it lacked subject-matter jurisdiction to hear the case, the Court dismissed the Complaint *with* prejudice rather than *without*. *Cf. Yeh ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (dismissals for lack of subject-matter jurisdiction must be entered "without prejudice" (quoting *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008))). On February 10, 2020, therefore, before ruling on the Plaintiff's First MFR, the Court entered an Amended Order Granting Motion to Dismiss [ECF No. 31]. In that Amended Order, the Court fixed some of the errors the Plaintiff had identified in his First MFR and made clear that the Complaint was being dismissed *without prejudice* for lack of subject-matter jurisdiction. *See id.* But, because the Court lacked jurisdiction to adjudicate the Plaintiff's claims, the Court refused to grant the Plaintiff the *specific* relief he sought in his First MFR. In particular, the Court did not reopen the case or give the Plaintiff a hearing.

As a result, on February 13, 2020, the Court denied the First MFR as moot. *See* Order Denying as Moot Motion for Reconsideration [ECF No. 32]. As a denial of a Rule 59 motion, this was a final, appealable order. *See, e.g.*, *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 743 (11th Cir. 2014) (finding that "the denials of the Rule 60(b) motions are appealable," and that "Rule 59(e) motion denials are likewise appealable").

On March 10, 2020, the Plaintiff filed this Motion for Reconsideration, in which he asks the Court, under Fed. R. Civ. P. 60(b), to vacate its Order Denying as Moot his First MFR. *See* Second MFR [ECF No. 34]. A few days later, on March 16, 2020, the Plaintiff filed a Notice of

Appeal [ECF No. 36], which designated for appeal both the First Order Granting Motion to Dismiss and the Order Denying as Moot the First MFR.

## THE LAW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Rule 60(b) 'is an extraordinary remedy[, however,] which may be invoked only upon a showing of exceptional circumstances.'" *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986) (alteration in original) (quoting *Griffin v. Swim Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The Rule specifies six grounds for relief:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60.

The Federal Rules of Appellate Procedure make clear that district courts are not (necessarily) stripped of their jurisdiction to decide post-judgment motions—including motions

under Rule 60(b)—after a notice of appeal has been filed. *See* Fed. R. App. P. 4(A); *see also Stone v. INS*, 514 U.S. 386, 401 (1995) ("The pendency of an appeal does not affect the district court's power to grant Rule 60 relief."). Specifically, as the Eleventh Circuit has said:

> [D]istrict courts retain jurisdiction after the filing of a notice of appeal to entertain and **deny** a Rule 60(b) motion. As we explained in *Parks v. U.S. Life & Credit Corp.*, "'[t]his circuit, along with other circuits and the commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal.'" 677 F.2d 838, 840 (11th Cir. 1982) (quoting *Lairsey,* 542 F.2d at 930); *see also Wilson v. Thompson,* 638 F.2d 801, 803 (5th Cir. 1981) ("This circuit has decided that a district court retains jurisdiction to consider and deny a Rule 60(b) motion filed after the perfection of an appeal of the original decision.").
>
> However, following the filing of a notice of appeal district courts do not possess jurisdiction to **grant** a Rule 60(b) motion. Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

*Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (emphasis added).

## ANALYSIS

In the Plaintiff's view, this Court lacked the power to enter its Amended Order Granting Motion to Dismiss without also granting (at least in part) his First MFR. *See* Second MFR at 6 ("Had the Court granted in part or in its entirety Wendell Locke's Motion for Reconsideration [ECF No. 23], the Court could have amended its findings, made additional findings and altered and/or amended a judgment or final order."). The Plaintiff is incorrect.

Rule 59(e) was added to the Federal Rules as a way for district courts to correct post-judgment errors. As the Supreme Court has explained,

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of

5

>judgment. The question of the court's authority to do so had arisen in *Boaz v. Mutual Life Ins. Co. of New York*, 146 F.2d 321, 322 (CA8 1944). According to their report, the draftsmen intended Rule 59(e) specifically "to care for a situation such as that arising in Boaz."

*White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (cleaned up). "Overburdened courts, trial and appellate, should not have to squander precious time and resources in such artificial maneuvers where the Judge on his own and in time faces up to the error and corrects it by effective action." *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962).

A timely Rule 59(e) motion thus carves out a narrow exception to the general presumption of finality. Once the motion is filed, the finality of the underlying judgment is suspended—and the time for appeal is tolled—until the motion is adjudicated.[2] *See Stallworth*, 758 F.2d at 1410. Indeed, once a party files a Rule 59(e) motion, that party may not appeal the underlying judgment until the district court rules on the motion. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) ("Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending."); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice *becomes effective* to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." (emphasis added)).

In many circuits, therefore, the filing of a timely Rule 59(e) motion allows the district court to make *any* appropriate changes to the underlying order. *See Veolia Water N. Am. Operating Servs., LLC v. City of Atlanta*, 546 F. App'x 820, 827 (11th Cir. 2013) (citing *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000) ("[I]t is quite clear that . . . a

---

[2] Because the First MFR tolled the 30-day period to appeal, the Amended Order in this case was entered "in time." *See McDowell*, 310 F.2d at 44.

timely filed Rule 59 motion invests the district court with the power to amend the judgment for any reason."), *overruled on other grounds by TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986) ("A judge may enlarge the issues to be considered in acting on a timely motion under Rule 59."); *United States v. Hollis*, 424 F.2d 188, 191 (4th Cir. 1970) ("[A] district judge is not restricted to the modifications suggested by the parties . . . . [He] should not be forced to perpetuate a finding of fact or conclusion of law which he discovers to be erroneous.")).

The Eleventh Circuit, admittedly, has taken a "somewhat more narrow view." *Veolia*, 546 F. App'x at 827. So, for instance, in *Hidle v. Geneva Cty. Bd. of Educ.*, 792 F.2d 1098 (11th Cir. 1986), the court simply "assum[ed]" that the district court could amend errors not raised in a party's Rule 59(e) motion and concluded that, in the circumstances of that case, the district court had exercised that power improvidently. *See id.* at 1100. But the court was pellucid in refusing—at that time—to "lay down a rule concerning the power of the court to act at all to alter or amend a judgment to the benefit of a non-moving party when the moving party has sought to alter or amend under [Rule 59]." *Id.*[3]

More recently, in *Veolia*, the Eleventh Circuit resolved the question left open in *Hidle* and joined her sister circuits in holding that, in some circumstances, district courts *are* authorized to

---

[3] By the time *Hidle* was decided, it was already well-settled that, even without a Rule 59(e) motion, district courts could amend final judgments *in any way*, so long as they act within the Rule's time limits. *See Burnam v. Amoco Container Co.,* 738 F.2d 1230, 1232 (11th Cir. 1984) (per curiam) (noting that the district court was authorized to amend judgment *sua sponte* so long as amended order was entered within time limit for filing a Rule 59(e) motion); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) (finding that "a district court possesses the power to [*sua sponte*] transform a dismissal without prejudice into a dismissal with prejudice, but this power must be exercised within" the time limit for filing Rule 59 motions). But *Burnam* and *Hertz* are inapposite here because the Court entered its Amended Order in this case, not *sua sponte*, but in response to the Plaintiff's First MFR—which, as noted, tolled the 30-day period to appeal.

7

correct errors not raised in a Rule 59(e) motion. *See Veolia*, 546 F. App'x at 827. In that case, the district court's initial final judgment awarded one party—Veolia—twenty-one million dollars in damages, and the other—the City of Atlanta—eleven million. *See id.* at 822. Neither party was awarded prejudgment interest. *Id.* at 826. Veolia timely moved under Rule 59(e) for an amended judgment that would include an award of prejudgment interest. *Id.* at 826–27. The City of Atlanta, on the other hand, filed no such motion. *Id.* at 827. Recognizing that both parties were entitled to prejudgment interest, however, the district court entered an amended final judgment that awarded prejudgment interest to both side—this, despite the fact the City had never moved for relief under Rule 59. *Id.*

The Eleventh Circuit affirmed the district court's decision to award prejudgment interest to both sides.[4] Noting that, "when Veolia filed its motion, it asked the district court to revisit the issue of prejudgment interest and correct a mistake," the *Veolia* Court concluded that it "would be inequitable if the district court could only correct that mistake as to Veolia." *Id*. And this conclusion makes sense. After all, requiring a district court to commit a second mistake in order to correct an earlier error would needlessly foster inequities while promoting a lamentable waste of appellate resources. Notably, the Eleventh Circuit rejected Veolia's view—that the district court was confined only to the arguments Veolia had raised in her Rule 59(e) motion—as "not compelled by law. In fact," the court continued, "many of our sister circuits have held that, once a Rule 59(e) motion is filed, a district court has the power to make appropriate corrections *even with respect to issues not raised in the motion*." *Id.* (emphasis added). And, while the court did not ultimately adopt such a broad rule, it nevertheless concluded that the district court had not abused its

---

[4] But, because the district court had calculated the interest incorrectly, the court ultimately remanded for a new computation. *Id*. at 829.

discretion[5] in amending the final judgment to correct an error that had never been raised in the Rule 59(e) motion. *See id.*

The Plaintiff here filed a timely motion under Rule 59(e). *See* First MFR. In that First MFR, the Plaintiff directed the Court to what he claimed were three "errors" in its First Order Granting Motion to Dismiss. Specifically, the Plaintiff challenged: (i) the Court's decision to take judicial notice; (ii) the Court's discussion of factual challenges to its subject-matter jurisdiction; and (iii) the Court's alleged mischaracterization of the facts. *See id.* at 2–3. The Plaintiff also asked the Court to re-analyze the motion to dismiss on substantive grounds. *See id.* at 6–8. But, rather than ask the Court to issue an amended judgment that corrected those errors, the Plaintiff moved the Court to "vacate its September 30, 2019, Order, permit the parties to conduct discovery on the issue of subject matter jurisdiction and set a hearing on the factual challenge for subject matter jurisdiction." *Id.* at 9.

In response to the First MFR, the Court issued an Amended Order. In that Order, the Court: (i) removed its reference to judicial notice; (ii) deleted its (brief) discussion of factual challenges to its subject-matter jurisdiction; and (iii) re-characterized some of the facts. *See generally* Amended Order. The Court also made clear that, because it lacked subject-matter jurisdiction to hear the case, the dismissal had been *without* prejudice. *See id.* at 12. Finally, since it removed the passages the Plaintiff had objected to in the First MFR *without* granting the Plaintiff any part of the *specific* relief he sought, the Court then denied the First MFR *as moot*. *See* Order Denying as Moot Motion for Reconsideration [ECF No. 32].

---

[5] The Eleventh Circuit reviews a district court's decision to correct errors *not* raised in a Rule 59(e) motion for an abuse of discretion. *See Veolia*, 546 F. App'x at 827 (citing *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238–39 (11th Cir. 1985) ("The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion.")).

9

In doing so, the Court acted well within its discretion. When the Plaintiff filed his First MFR, he attacked three aspects of the Court's analysis. *See* First MFR at 8. He did not, however, ask the Court to convert its judgment from a dismissal *with* prejudice to a dismissal *without* prejudice. But the Plaintiff's MFR empowered the Court *both* to remove the passages the Plaintiff had objected to and to correct the error he had not noticed. As the Eleventh Circuit has said, "when [the Plaintiff] filed its motion, it asked the district court to revisit the issue of [the judicial records analysis] and correct a mistake." *Veolia*, 546 F. App'x at 827. And it would "be inequitable if the district court could only correct *that* mistake." *Id*. (emphasis added). Instead, because the Plaintiff called the Court's substantive analysis into question, the Court was free to correct its analysis and amend its order. If the Plaintiff had his way, the Court would have had to make a second mistake (reopen a case over which it had no subject-matter jurisdiction) to correct an earlier error (dismissing the case *with* prejudice). This cannot be the law. At the very least, it is not a result that is "compelled by law." *Id.*

This is particularly true where, as here, the error the Court corrected—changing the dismissal from one with prejudice to one without—benefitted Locke (the movant) rather than Warren (the non-movant). The district courts in *Hidle* and *Veolia* had used one party's Rule 59(e) motion to amend judgments in ways that granted relief to the *non-movants*. *See Veolia*, 546 F. App'x at 827 ("We hold, therefore, that the district court did not abuse its discretion by reducing Veolia's prejudgment interest award *by the amount that the City would have been entitled to*." (emphasis added)); *Hidle*, 792 F.2d at 1100 ("[W]e do not attempt to lay down a rule concerning the power of the court to act at all to alter or amend a judgment *to the benefit of a non-moving party* when the moving party has sought to alter or amend under [Rule 59(e)]." (emphasis added)).

10

Here, by contrast, the Court used Locke's motion to correct an underlying error in a way that unambiguously redounded to *Locke's benefit*. After all, by changing the dismissal from one with prejudice to one without, the Court allowed Locke to refile his Complaint against Warren under a different theory—a benefit the First Order had foreclosed. *Hidle* and *Veolia*'s concerns about amended orders that reverse course and benefit the non-movant are thus not implicated here.

***

Accordingly, the Court hereby

**ORDERS and ADJUDGES** as follows:

1. The Plaintiff's Amended Motion for Reconsideration [ECF No. 34] is **DENIED**.

2. The Defendant's Motion for Clarification [ECF No. 38] is **GRANTED**. The Defendant need not respond to the Plaintiff's Amended Complaint.

3. The Plaintiff's original Second Motion for Reconsideration [ECF No. 33] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 5th day of May 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record